## GOTTFRIED *v.* CONRAD SEIPP BREWING CO.

*(Circuit Court, N. D. Illinois.  June 22, 1881.)*

1. PATENT No. 42,580—MODE OF PITCHING BARRELS—HOT AIR—KRAUSCH MACHINE—SUPERHEATED STEAM—INFRINGEMENT.

  Letters patent No. 42,580, g anted May 3, 1864, to J. F. Holbeck and Matthew Gottfried, for mode of pitching barrels, operating by driving a blast of *hot air*, by means of a blower, thr ugh a bed of ignited coals into a pipe, whence it is conducted into the barrel to be pitched, *held, not infringed* by the Krausch machine, which opera s by the introduction of *superheated steam* into the casks to be pitched.

2. PATENT COVERING A COMBINATION DEVICE AS AN ENTIRETY — REPLACING WORN-OUT PARTS—INFRINGMENT.

  Where a patent covers as an *entirety* a machine composed of several separate and distinct parts, the purchaser of such machine from the patentee will not infringe by replacing such parts as wear out as often as is necessary, so long as the identity of the machine is retained. If the patent is for a *separate* and *distinct* element of the combination, a purchaser will infringe by replacing such element.

*Banning & Banning*, for complainants.

*West & Bond*, for defendant.

BLODGETT, D. J.  This is a bill to recover damages for the alleged infringement of a patent issued on the third of May, 1864, to the complainants for an improvement in pitching the inside of barrels.

Two defences are set up: *First,* that the patent is void for want of novelty; and, *second,* that the defendant does not infringe. This patent has been before this court and the United States circuit court for the eastern district of Wisconsin, and nearly all the testimony in this record, on the question of novelty, was fully discussed and passed upon in those cases. I do not propose to re-examine the testimony bearing upon the question of novelty, as this case must, in my opinion, be disposed of upon the question of infringement; if the defendant does not infringe the complainants' patent, there is no occasion for discussing the question of novelty. The defendant uses one machine constructed substantially after the specifications of the complainant's patent, but insists that it was purchased of the complainant Holbeck, and is used under a license from him. It is admitted that a machine was purchased by the defendant from Holbeck, but the complainants deny that this is the machine so purchased, because it is claimed that the essential working parts have been worn out and replaced with new parts; that the blower, pipes, and body of the furnace are renewals, and that the only parts of the old machine which remain are the ash-pit and top of the furnace.

From the functions of the different parts of this machine it is obvious that some of them will wear out much faster than others, and I think there can be no doubt that the defendant has the right to replace those parts as often as necessary, so long as the identity of the machine is retained. The proof in this case shows, to my satisfaction, that as the grates, pipes, and blowers were worn out, they were renewed, and therefore the identity of the machine is retained. If, for instance, this patent had been upon a peculiar grate, and there had been no patent upon the other parts of the machine, when the grate was worn out the defendant would have no right to put in another like it, because the grate was covered by the patent; but if the grate is only a part of an entire combination, I think it has a right to replace the worn-out parts, and it cannot be said to be a different machine. *Chaffee* v. *The Boston Belting Co.* 22 How. 217; *Wilson* v. *Simpson,* 9 How. 109–124.

It is also admitted that the defendant uses what is known in the trade as a "Krausch machine." This machine is constructed upon what seems to me a substantially different principle from that of the complainants. The complainants' invention operates by driving a blast of air by means of a blower through a bed of ignited coals into

a chamber, from which it is conducted by a pipe into the barrel to be pitched, whereby the inside of the barrel is heated, so that the melted pitch can be quickly and evenly spread over the whole inside.

It is claimed by the complainants that the essential principle involved in their patent is the burning out of the oxygen from the air driven by the blast through the fire, so that, although it passes into the cask heated to a very high degree, it will not burn the inside of the cask; in other words, that it involves the process of heating barrels for pitching by means of a hot blast which is deprived of its oxygen before use, and thus rendered incapable of injurious burning.

I do not consider it necessary to discuss this question, for, in my view, the Krausch machine operates upon a different principle. It consists of a furnace or fire-box, containing a coil of steam-pipes so arranged that the steam passing through the pipes will be superheated. This superheated steam is let into the barrels, and heats the inside so as to melt the pitch, so that it can be evenly distributed or coated over the inside. The fire in the fire-box is stimulated or kept going by a steam exhaust, which passes out of the top of the box so as to induce a blast through the fire, and the pipe used for letting the steam into the large casts is so arranged that it passes through a larger pipe from the upper part of the fire-box over the grate, and which might possibly, by reason of the draft occasioned by the jet of steam, carry into the cask some of the burnt air and products of combustion which are contained in the fire-box above the fire. But it is obvious that this burnt air would be only a very small part of the means by which the heating is accomplished, and is not the main process by which the heating is secured. I think, therefore, the defendant does not infringe complainants' patent by the use of the Krausch machine.

The complainants' bill will therefore be dismissed, on the ground that no infringement of their patent is shown.