SINGER MANUF'G Co. *v.* SPRINGFIELD FOUNDRY Co. *et al.*

(*Circuit Court, D. Massachusetts.*   April 2, 1888.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PATENT FOR SEPARATE PARTS—REPAIRS.
   Where different parts of a machine are covered by separate patents, a purchaser of such machine from the patentee, who replaces one of the parts or elements covered by an individual patent, when worn out, is guilty of an infringement.
2. EQUITY—PLEADING—MULTIFARIOUSNESS.
   It is within the discretion of the court to decide whether or not a bill in equity is multifarious in its nature, such question depending upon the circumstances of each individual case.

In Equity.   Action for infringement of patent.

*C. F. Perkins,* for complainant.

*J. L. S. Roberts,* for defendant Duckworth.

COLT, J.   This suit is brought for the infringement of the sixth claim of letters patent No. 208,838, dated October 8, 1878, all the claims of letters patent No. 229,629, dated July 6, 1880, and the second claim of letters patent No. 274,359, dated March 20, 1883.   These several patents were issued to the complainant for improvements in sewing-machines.   The bill has been taken *pro confesso* as against the Springfield Foundry Company.   The present controversy is between the complainant and the remaining defendant, Duckworth.   Duckworth is a machin-

ist, and has made a specialty of repairing sewing-machines. He admits that he makes certain parts of the Singer I M machine to replace worn or broken parts in machines sold by the complainant, and that he has also made and furnished these parts to one John Thornton, Jr., of New York, a dealer in sewing-machine supplies, and engaged in the business of repairing sewing-machines. The parts introduced in evidence are the feed-cam, forked connecting feed-bar, feed-lifting rock-shaft, feed rock-shaft, shuttle-driver, and shuttle-race. He contends that the making of these parts does not constitute an infringement because—*First*, they are each but one of many other parts constituting an organized sewing-machine; *second*, that the parts so made by the defendant have been made for the purpose of replacing parts which have been broken or worn out in organized sewing-machines sold by the plaintiff; *third*, that neither he nor any other person has assembled the parts so made in one machine, but that each part has been made to replace a corresponding part in some organized machine made and sold by the plaintiff. He admits, however, that the parts could fit no other machine, without considerable alteration, than the Singer I M. The position taken by the defendant is that he has a right to make and sell these parts, provided the article is not made or sold with the intent to put it to an unlawful use; that the use here is lawful because the purchaser of a patented machine has a right to repair it, and to replace parts as often as may be necessary, provided he does not destroy the identity of the machine. The cases relied upon by defendant are *Wilson* v. *Simpson*, 9 How. 109; *Chaffee* v. *Belting Co.*, 22 How. 217; *Gottfried* v. *Brewing Co.*, 8 Fed. Rep. 322.

In *Wilson* v. *Simpson* it was held that an assignee having a right to use Woodworth's planing-machine had a right to replace new cutters or knives for those which were worn out. The court says:

"The right of the assignee to replace the cutter-knives is not because they are of perishable materials, but because the inventor of the machine has so arranged them as a part of its combination that the machine could not be continued in use without a succession of knives at short intervals. Unless they were replaced, the invention would have been of but little use to the inventor or to others. The other constituent parts of this invention, though liable to be worn out, are not made with reference to any use of them which will require them to be replaced. These, without having a definite duration, are contemplated by the inventor to last so long as the materials of which they are formed can hold together in use in such a combination. No replacement of them at intermediate intervals is meant, or is necessary. They may be repaired as the use may require. With such intentions they are put into the structure. So it is understood by the purchaser, and beyond the duration of them a purchaser of the machine has not a longer use for them. But if another constituent part of the combination is meant to be only temporary in the use of the whole, and to be frequently replaced, because it will not last as long as the other parts of the combination, its inventor cannot complain, if he sells the use of his machine, that the purchaser uses it in the way the inventor meant it to be used, and in the only way in which the machine can be used. Such a replacement of temporary parts does not alter the identity of the machine, but preserves it, though there may not be in it every part of its original material."

In *Chaffee* v. *Belting Co.*, 22 How. 217, the court says:

"When the patented machine rightfully passes to the hands of the purchaser from the patentee, or from any other person by him authorized to convey it, the machine is no longer within the limits of the monopoly. According to the decision of this court in the cases before mentioned, it then passes outside of the monopoly, and is no longer under the peculiar protection granted to patented rights. By a valid sale and purchase the patented machine becomes the private, individual property of the purchaser, and is no longer protected by the laws of the United States, but by the laws of the state in which it is situated. Hence it is obvious that if a person legally acquires a title to that which is the subject of letters patent, he may continue to use it until it is worn out, or he may repair it or improve upon it, as he pleases, in the same manner as if dealing with property of any other kind."

In *Gottfried* v. *Brewing Co.*, 8 Fed. Rep. 322, the patent was for an improvement in pitching the inside of barrels, and Judge BLODGETT thus states the rule:

"From the functions of the different parts of this machine it is obvious that some of them will wear out much faster than others, and I think there can be no doubt that the defendant has the right to replace those parts as often as necessary, so long as the identity of the machine is retained. The proof in this case shows to my satisfaction that as the grates, pipes, and blowers were worn out, they were renewed, and therefore, the identity of the machine is retained. If, for instance, this patent had been upon a peculiar grate, and there had been no patent upon the other parts of the machine when the grate was worn out, the defendant would have no right to put in another like it, because the grate was covered by the patent; but if the grate is only a part of an entire combination, I think it has a right to replace the worn-out parts, and it cannot be said to be a different machine."

In *Aiken* v. *Print Works*, 2 Cliff. 435, the purchaser bought a knitting-machine with which the vendor sent a package of needles to be used with the machine. The needles were subject to a separate patent. The court (Mr. Justice CLIFFORD) observes:

"Right to repair is limited by the same rules that operate in the repair of other property. The owner may repair, but he cannot appropriate the materials belonging to another man in effecting the purpose. Purchasers in this case may repair the needles they purchased, but they cannot manufacture new ones without license. Reference is made to the case of *Wilson* v. *Simpson*, 9 How. 123, but a careful examination of the case will show that it affirms the very rule here maintained. 'When we speak of the right to restore a part of a deficient combination, we mean,' say the court, 'the part of one entirely original, and not of any other patented thing, which has been introduced into it to aid its intended performance.' The cutters and knives in that case were not subject to a patent, and of course the respondent had a right to use them as materials to repair his machine; but unfortunately for the defendants in this case, the needle is subject to a patent, and in making and using it they have infringed the right of the plaintiff."

As illustrated by these cases the rule seems to be that where a patent covers as an entirety a machine composed of several separate and distinct parts, the purchaser of such machine from the patentee will not infringe by replacing such temporary parts as wear out, so long as the identity of the machine is retained; but if the patent is for a distinct part or element of the machine, a purchaser will infringe by replacing such part or

element.   Tested by this rule, I think the defendants are guilty of infringement in the present case.   The sewing-machine of complainant is not patented as an entirety, but different parts of the machine are covered by different patents.   Claims 1 and 2 of patent No. 229,629 cover an improved shuttle-driver, and the defendant makes and sells the same device to be used in a Singer machine.   The second claim of letters patent No. 274,359 is for a shuttle-race for an oscillating shuttle, provided with an elastic side or flange.   The shuttle-race cannot be used in the Singer I M machine without the elastic flange.   The defendant makes the shuttle-race for use in such machine.   He therefore makes the major part of the patented combination, intending that it should be provided with an elastic flange, and used in complainant's machine.   Claims 3 and 4 of patent No. 229,629, and claim 6 of patent 208,838, are combination claims.   The main elements found in these patented combinations are made and sold by defendant for use in the Singer machine. Under the authority of *Wilson* v. *Simpson* and other cases this cannot be done.

The defense of multifariousness is also relied upon.   The defendant Duckworth has answered, proofs have been taken, and a hearing had upon the merits of the bill.   I do not see in what respect the defendant suffers any injury by having these causes of action heard together.   All the patents sued upon relate to one machine, and the defendant is not prejudiced by this joinder.   Whether a bill is multifarious or not must depend upon its own circumstances, and must necessarily be left to the discretion of the court.   *Oliver* v. *Pratt*, 3 How. 333, 412.

Upon the whole I think a decree should be entered for the complainant; and it is so ordered.   Decree for complainant.