YOUNG *et al. v.* FOERSTER.

(*Circuit Court, S. D. New York.* January 8, 1889.

1. PATENTS FOR INVENTIONS—WHO ARE INFRINGERS.

One who acts solely as employe, and has no pecuniary interest in the product of his labor, and is simply employed by the owner to supervise the work of general repair, cannot be charged as an infringer on account of his connection with the machine so repaired.

2. SAME—REPAIRS BY LICENSEE.

The licensee of a patented machine has the right to replace parts which wear out, and, so long as the identity of the machine is not destroyed, to discard useless parts and add new ones to improve its action.

In Equity.

Bill for infringement of patent, brought by Hugh Young and the Young & Farrel Diamond Stone-Sawing Company against Emanuel Foerster. On final hearing.

*Edwin H. Brown,* for complainants.

*Arthur v. Briesen,* for defendant.

COXE, J. This is an action of infringement, based upon letters patent No. 224,760, granted to Hugh Young, February 17, 1880, for an improvement in machines for sawing stones. In August, 1879, John R. Smith purchased of Young, for $4,700, a machine embodying the patented features, and received a license to operate it under patents then owned by Young, and under all patents for improvements on the same which thereafter might be owned by him. On the 8th of July, 1882, Smith entered into another agreement whereby, for the additional sum of $300, he received a license to use the machine according to the patent in suit, which had been granted since the purchase, and to embody any improvement covered by that patent or any other patent owned or controlled by Young. During the period in controversy Smith was the owner of the machine. The defendant was in Smith's employ, receiving $3.50 daily wages. He never used the machine, except as an employe of Smith. He had no interest in or control over it. Soon after it was purchased, it broke down, and since that time has been frequently repaired. No machine similarly constructed can run for more than a month without undergoing repair, which involves putting in new parts and changing old ones. In the spring and summer of 1886, on account of the removal of Smith's place of business, a more thorough overhauling was necessary. At that time new feed-screws, fly-wheels, and sash-heads were put in; the old ones being worn out. The crank-shaft and some little bolts, pins, and nuts were worn out also, and new ones were substituted. The slides on which the saw-sash runs were lowered about two feet, and all the attachments for imparting a lift or push motion to the blade were left off. Lift motion is now imparted to the sash by an incline at each end of the guide bars. The defendant had supervision of this work as employe of Smith. The complainants contend that what

was·done in 1886 constitutes an infringement.. Many of the parts just mentioned, namely, "the large screws at the sides, the nuts thereon, the sash and crank-shaft," had been renewed from time to time prior to 1886, with the knowledge of the patentee. The defenses are: *First*, that in doing the acts of which infringement is predicated the defendant acted merely as the agent of John R. Smith; *second*, that Smith had a right to use and repair the machine, and that the work done by the defendant was necessary to put it in order; *third*, that the patent is void for lack of novelty.

The defendant did not use or vend the patented machine, and it can hardly be said, upon this evidence, that he made it, assuming now that an entirely new machine was constructed. The defendant acted solely as agent for Smith. He received his daily wages only. He made nothing by the transaction. The complainants expressly waive an accounting. The parts renewed were purchased of outside dealers, and put into the machine by their workmen. Very little of the manual labor was done by the defendant. He acted simply as superintendent. All that he did was done for Smith's benefit, and under Smith's directions. He was there to protect Smith's interests, and see that the work was properly done. This was all. The proof fails to establish infringement, and brings the case within the following authorities: *Hussey* v. *McCormick*, 1 Fish. Pat. Cas. 509; *Estes* v. *Worthington*, 30 Fed. Rep. 465; *Nickel Co.* v. *Worthington*, 13 Fed. Rep. 393; *Delano* v. *Scott*, Gilp. 498.

But is any one responsible as an infringer? Had not the owner a right to repair and improve the machine in the manner stated? The machine had a capacity to saw a stone 12 feet long and 5 feet high. It was bulky and expensive. Smith paid the patentee $5,000 for it, and the right to operate it with all the improvements covered by all the patents controlled by the complainants. When the machine broke down, as it frequently did, Smith was not required to abandon it, and procure a new one. He was at liberty to repair and improve it within the limits of his contracts. These repairs, which were often necessary, were made with the consent of the patentee. The repairs complained of consisted, principally, in restoring portions which were·worn out. True, other portions were taken off, or their use discontinued. But one who has a license· to use the whole of a machine does not become an infringer because he uses a part only. So long as the identity of the machine is not destroyed, its owner has a right to repair it,—to discard useless parts, and add new ones, which may improve its action. These alterations, though they changed somewhat the mode of operation, were rendered necessary, because equivalent parts·had become worn out. Their addition did not make it a new machine. By putting the old machine in working order its owner did what he had a right to do. *Gottfried* v. *Brewing Co.*, 8 Fed. Rep. 322; *Chaffee* v. *Belting Co.*, 22 How. 217, 223; *Wilson* v. *Simpson*, 9 How. 109; *Cartridge Co.* v. *Cartridge Co.*, 2 Ban. & A. 595; *Plow Co.* v. *Robinson*, 35 Fed. Rep. 502; *Manufacturing Co.* v. *Foundry Co.*, 34 Fed. Rep. 393; *Aiken* v. *Print Works*, 2 Cliff. 435. It is, of course, unnecessary to pass upon the defense which disputes the validity of the patent. The bill is dismissed.