PACIFIC STEAM WHALING CO. et al. v. ALASKA PACKERS' ASS'N.

(Circuit Court of Appeals, Ninth Circuit. February 5, 1900.)

No. 536.

1. PATENTS—PRELIMINARY INJUNCTION AGAINST INFRINGEMENT—REVIEW ON APPEAL.
   The decision of a judge upon an application for a preliminary injunction against infringement will not be reversed on appeal, unless it appears, after a consideration of all the evidence upon which his action was based, that his legal discretion was improvidently exercised.

2. SAME—INFRINGEMENT—REBUILDING PATENTED MACHINE.
   The right of the purchaser of a patented machine to repair it does not extend to its rebuilding, so as to make a practically new machine, and such rebuilding constitutes an infringement.

Appeal from the Circuit Court of the United States for the Northern District of California.

Wheaton & Kallock, for appellants.
John H. Miller, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This is a suit in equity, brought to restrain the use of four machines alleged by the complainant to be an infringement of certain letters patent issued to one Matthias Jensen and others, designed for automatically filling cans with fish, in which the court below, upon an application upon the part of the complainant for a temporary restraining order pending the hearing of the cause upon the merits, denied the application as respects the machines numbered 69, 80, and 108, respectively, and granted the preliminary injunction as respects the machine designated in the record as "the machine without a number." The present appeal is by the defendants to the suit from that interlocutory order. (C. C.) 93 Fed. 672. The law is well settled that upon such an appeal the decision of the judge who made the order will not be reversed unless it appears, after a consideration of all the evidence upon which his action was based, that his legal discretion to grant or withhold the

order was improvidently exercised. Blount v. Société Anonyme du Filtre, etc., 3 C. C. A. 455, 53 Fed. 98; Jensen v. Norton, 12 C. C. A. 608, 64 Fed. 662; Southern Pac. Co. v. Earl, 27 C. C. A. 185, 82 Fed. 690; Thompson v. Nelson, 18 C. C. A. 137, 71 Fed. 339; Duplex Printing-Press Co. v. Campbell Printing-Press & Manufacturing Co., 16 C. C. A. 220, 69 Fed. 252. The record shows that the machine in respect to which the injunction was granted is one of six machines made under and by virtue of the patent upon which the bill is based, all of which were acquired by the appellant Pacific Steam Whaling Company prior to the time of the acquisition by the appellee of the Jensen patent. Those machines had been used by the whaling company at its various places of business in Alaska during the packing season for many years. The packing season extends but a few weeks each year, and after it is over it has been the practice of the whaling company to bring its machines to San Francisco, to have them put in proper order for the succeeding season. The business of the appellant F. A. Robbins Press Works is that of repairing machinery, and to that company the whaling company took the four machines mentioned in the bill. Those numbered 69, 80, and 108, respectively, the court below found from the evidence introduced upon the hearing, were repaired by the press company, within the rule of law applicable to the matter, but the machine referred to in the bill as being without a number the court below found was entirely dismantled, except its legs, and a new machine built thereon. That fact is practically admitted by counsel for appellants, as well as in affidavits filed on their behalf at the hearing. It is further practically conceded on behalf of the appellants that this constituted an infringement of the complainant's patent. That it was such does not admit of question. Wilson v. Simpson, 9 How. 109, 13 L. Ed. 66; Mitchell v. Hawley, 16 Wall. 544, 21 L. Ed. 322; Young v. Foerster (C. C.) 37 Fed. 203; Singer Mfg. Co. v. Springfield Foundry Co. (C. C.) 34 Fed. 393; Gottfried v. Brewing Co. (C. C.) 8 Fed. 322; Shickle, Harrison & Howard Iron Co. v. St. Louis Car-Coupling Co., 23 C. C. A. 433, 77 Fed. 739. Nor is the title of the complainant to the patent sued upon, or the validity of the patent, anywhere denied in the record; and, so far as its validity is concerned, it could not be very well denied by the whaling company, since the machines used by it are averred to have been made and sold under and by virtue of that patent. The case, therefore, presented to us is one in which the complainant has a valid title to a valid patent, which the defendants to the suit have confessedly infringed. Under such circumstances, the showing must be a very strong one that would justify an appellate court in reversing an order granting a temporary injunction. It is contended on behalf of the appellants that they are solvent, and amply able to respond in money damages, and that the record shows that the complainant would suffer no irreparable damage by permitting the use of the infringing machine by the whaling company. At the same time it is contended on behalf of the appellants that, if the whaling company is not permitted to use the infringing machine pending the litigation, it will suffer irreparable damage. As the record shows that

the complainant and the whaling company are both engaged in the same business, of packing and selling salmon, it is difficult to see how the damage that the whaling company would sustain by being deprived of the use of the infringing machine would be any more irreparable than that sustained by the owner of the patent engaged in the same business if the infringing machine was permitted to be used by its competitor. Indeed, it would seem to be clear that the whaling company could suffer no irreparable damage by being deprived temporarily of the use of the machine in question, whereas the complainant's damage would very likely be irreparable; for it appears that prior to the construction of these can-filling machines salmon was packed by hand, and that the difference in the packing is mainly in the cost; that by hand being much slower, and therefore more costly. The damage resulting to the whaling company, therefore, by the deprivation of the machine in question, could be readily ascertained by ascertaining the difference between the cost of packing by hand and by the machine. There being but one machine operated at each of its places of business, this could be readily done. As those places of business, however, are situated in the territory of Alaska, widely separated from each other and remote from the complainant, with communication infrequent and uncertain, it would obviously be a matter of great difficulty for the complainant, under the most favorable circumstances, to show the damage sustained by it by the unlawful use by the whaling company of the infringing machine, especially where, as the record shows, no royalty has been established by the complainant for the use of any machine built under the patent, and where the complainant has always refused to sell any machine made under it, or to permit the use thereof by any person. Order affirmed.