BOWERS et al. v. CONCANON.

(Circuit Court, N. D. California. December 8, 1900.)

No. 13,003.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where the alleged infringement of a patent consisted in the use, within territory covered by an exclusive license to complainant, of a dredge boat built under a license from the patentee for use in another territory, upon which repairs had been made, but which did not appear to have been altered sufficiently to change its identity, it is not sufficiently clear that the question involved is one of infringement, and not merely a violation of contract rights, of which a federal court would not have jurisdiction, to warrant the granting of a preliminary injunction.

On Order to Show Cause Why Preliminary Injunction Should not Issue.

J. H. Miller, for complainants.

R. Percy Wright, for defendant.

MORROW, Circuit Judge. A. B. Bowers and the Bowers California Dredging Company, a corporation organized and existing under and by virtue of the laws of the state of California, brought suit in this court on September 6, 1899, against John McMullen, W. N. Concanon, Raymond A. Perry, William A. Perry, Herman Krusi, and the San Francisco Bridge Company for the infringement of certain claims of United States letters patent No. 318,859, for improve-

ments in dredging machines; No. 318,860, for improvements in the art of dredging; No. 372,956, for improvement in excavators; and No. 484,763, for apparatus for dredging and transporting spoil. The complaint set forth a contract, dated December 16, 1899, wherein A. B. Bowers granted to the Bowers Dredging Company of Illinois the full and exclusive right to use and to manufacture, from drawings and supervision furnished and approved by the said Bowers, all the Bowers hydraulic dredging apparatus and appliances for which letters patent of the United States had been or might thereafter be granted to said Bowers, to the full end of the term for which said patents had been or might be granted, for use in the state of Washington, exclusive of Gray's Harbor, and in that portion of Oregon lying north of and including the Columbia river and its tributaries, but nowhere else. The bill of complaint described a dredger by the name of "Python" as being constructed under the foregoing contract, and operated for some time within the territory mentioned, but which at the time of the filing of the bill, it was alleged, was being used in prohibited territory, namely, in the harbor of Eureka, Cal. Upon the bill and affidavits filed, this court issued an injunction restraining the defendants from the use and operation of the dredger anywhere in the state of California or the state of Oregon south of the Columbia river and its tributaries. This injunction was directed particularly against the defendant Concanon, none other of the defendants having appeared or answered in the case. An appeal was taken from the order granting this injunction to the circuit court of appeals, where the decree of the court was reversed on May 7, 1900, and the cause remanded, with instructions to dismiss the bill; the court holding that the question as to whether there had been any infringement depended upon the construction that should be placed upn the covenants contained in the contract, and not upon the construction of any act of congress in relation to patents. The court say:

"In the present case no question is presented as to the validity of any of the appellee's patents. There is no question in the case that involves the construction of any act of congress in relation to the patent laws. All the cases hold, where the question is discussed, that suits growing out of contracts made in relation to patent rights are governed by the general principles of law and equity, and not by the patent laws, and are triable in the state courts, and that the rights of the patentee under the patent laws of the United States must be directly, and not collaterally, brought in issue, to give the United States courts jurisdiction." McMullen v. Bowers, 42 C. C. A. 470, 102 Fed. 494, 501.

On the 3d day of November, 1900, the present suit was brought by A. B. Bowers and the Bowers California Dredging Company against William N. Concanon. These are the same complainants and the same defendant as in the above case. The bill alleges the infringement of the same letters patent, with the exception of No. 484,763, and alleges, as before, that on the 21st day of April, 1897, the complainant Bowers California Dredging Company acquired by purchase certain rights and privileges to operate under said letters patent throughout the state of California and all of that portion of the state of Oregon lying south of the Columbia river (the same contract considered by the court of appeals in the former case), and

ever since said date has been, and now is, the sole and exclusive owner and holder of all such rights and privileges within that territory; that notwithstanding such ownership the defendant Concanon, well knowing the same, and without the license or consent of the complainants, has made and used since the 7th day of May, 1900 (the date of the decision of the court of appeals), and is now using and threatens to continue to use, within the district licensed to the complainant corporation, a dredging machine containing and embracing the inventions patented by said letters patent; that said dredging machine is an infringement upon said several letters patent, and its use by the defendant, unless restrained by the court, will work great and irreparable injury, loss, and damage to the complainants. Upon affidavits being filed, a restraining order was issued, and an order to show cause why a preliminary injunction should not issue. The complainants in this case do not set up the contract as a basis for their cause of action, but contend that it is a case upon infringement, and not upon contract. The contract is, however, set up in the affidavit of R. Percy Wright, solicitor for the defendant, and the jurisdiction of this court is denied in the present case upon the grounds held by the court of appeals to control in the case of McMullen v. Bowers, namely, that no federal question is involved. The ultimate question before this court will be whether or not this is also an action upon contract, or an action for infringement. But for the present it will be sufficient to determine whether the plaintiff has made out a case for the granting of an injunction pendente lite. The decision of the court of appeals in the case of McMullen v. Bowers does not appear to have turned upon a question of pleading, but upon the question of fact, and that court decided that this court had no jurisdiction of the questions there involved. It is manifest, therefore, that this court will not review any of the issues involved in that case, whether disclosed in the pleadings or otherwise, but will concern itself with the question whether the facts presented constitute a new case.

Testimony has been introduced by the complainants in this case to the effect that the dredger Python, involved in the case of McMullen v. Bowers, and being operated in the harbor of Eureka, Cal., at the time that suit was instituted, has been given the name of Portland, and brought to Oakland Harbor, in this state; that certain changes and alterations have been made in said dredger, which it is claimed constitute a variance to the detriment of the original machine, but which are nevertheless infringements of the rights of the complainant Bowers under his said letters patent; that said dredger, so altered, is now being used and operated by the defendant in said Oakland Harbor, which it is claimed is an infringement of the rights of the corporation complainant. The principal changes and alterations complained of are the following: Two spuds passing through well holes in the hull of the boat, in place of the spud crane or turntable mechanism originally in the Python; a rotary excavator varying in details of mechanism from that used by the complainant Bowers in the construction of said dredge; a centrifugal pump differing from the one originally put into said dredge; a different ladder frame; a metallic ball and socket joint in place

of the flexible joint connecting the dredge with the floating discharge pipe; additional lengths of suction pipe, and a number of pontoons. An examination of the evidence discloses the fact that some of these changes and alterations were made before the defendant Concanon took the dredger from the Puget Sound Dredging Company, in April, 1899, namely, the change in the rotary excavator and the spuds. The claims of the complainant with respect to those details of mechanism, having been involved in the case of McMullen v. Bowers, will not be considered by this court in the present action.

As to the remaining claims of infringing mechanism, arising upon changes made in the dredger by the defendant since September 6, 1899, it appears that there were six pontoons fully constructed and transferred with the dredger to the defendant Concanon in April, 1899, and some evidence to the effect that there were some eight or ten more in knockdown condition. Prior to the commencement of the work in Oakland Harbor some pontoons were borrowed from the Atlantic, Gulf & Pacific Company, at Mare Island, as well as some extra lengths of suction pipe, and two ball joints. These do not appear to be the property of the defendant Concanon. Some 20 feet of new pipe was bought, to replace a section that had become worn out, and to make proper connections with the new pump, which required different fittings. These constitute the only changes of note that have any connection with the rights of the complainant Bowers under his patents, which have been made to the dredger since September 6, 1899. Other changes made do not affect the patented mechanism. It was held by this court in the case of Alaska Packers' Ass'n v. Pacific Steam-Whaling Co. (C. C.) 93 Fed. 672, that the sale of an entire machine carries with it the right to replace a part which, in its relation to the whole structure, is temporary in its nature, and that the replacing of such temporary parts by the purchaser is not infringement, as long as the identity of the machine is retained. The changes above mentioned are apparently in the nature of repairs, and do not affect the identity of the machine as a whole, or render it a new machine. The articles borrowed merely served to assist in the carrying on of the same work in the same manner, and did not alter or affect the identity of the dredger in any respect. It is established as a rule in equity that a preliminary injunction ought not to be granted unless the rights of the complainant and the infringement of the defendant are free from reasonable doubt, and the jurisdiction of the court is clear. High, Inj. § 938; Parker v. Sears, 1 Fish. Pat. Cas. 93, Fed. Cas. No. 10,748. In view of the decision of the circuit court of appeals in McMullen v. Bowers, the jurisdiction of this court over the present cause of action is not entirely clear; and the testimony presented at this stage of the proceedings having established the fact that the dredger Portland, complained of herein, is substantially the same machine involved in the former case under the name of "Python," and it appearing that no changes have been made materially affecting its identity under the patents controlling it, the right to an injunction has not been established beyond a reasonable doubt. The temporary restraining order will therefore be dissolved, and the preliminary injunction denied.