## C. & R. RESEARCH CORPORATION v. WRITE, Inc.

District Court, D. Delaware. May 4, 1927.

No. 584.

1. **Patents ⬤⟞255—Repairing of quick-wearing parts of patented machine by user not "infringement."**

Where a machine is patented as a whole, one who as a purchaser acquires the right to use it only, so long as the indentity of the machine is not destroyed, may make repairs or replace worn-out parts, particularly the quick-wearing parts, without which it would be useless to him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Infringement.]

2. **Patents ⬤⟞255—User may not, under pretext of repairs, rebuild or substantially reconstruct machine.**

Though repair of wearing parts of patented machine by the user is not an infringement, this does not authorize a user to reconstruct or rebuild the machine, under pretext of repairing it; substantial reconstruction being sufficient to make act one of rebuilding, instead of repair or replacement.

3. **Patents ⬤⟞255—Substitution of vital and distinctively new part, constituting substantially entire invention, is "reconstruction."**

Substitution of a vital and distinctively new part of the combination, if the whole invention resides substantially in such part, is a "reconstruction" of the machine.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reconstruct—Reconstruction.]

4. **Patents ⬤⟞255—Machine may not be repaired by user by reconstructing separately patented element.**

A purchaser may not reconstruct a separately patented part or element of a machine, though it might be considered a repair of the machine as a whole.

5. **Patents ⬤⟞210—Sale of patented machine does not carry implied license to reconstruct separately patented part.**

On the mere sale of the machine by the patentee, there is no implied license running to the purchaser and subsequent owners to make the separately patented parts, to repair the machine as a whole.

6. **Patents ⬤⟞328—Patent No. 1,043,021, for paper-coating machine, claims 21, 23, held infringed.**

Mayer patent, No. 1,043,021, for paper-coating machine, claims 21, 23, covering separately equalizing bar, *held* infringed.

In Equity. Suit by the C. & R. Research Corporation against Write, Inc. Decree for complainant.

Charles Howson, of Philadelphia, Pa., and William G. Mahaffy, of Wilmington, Del., for plaintiff.

James H. Hughes, Jr. (of Marvel, Layton, Hughes & Morford), of Wilmington, Del., and J. Barrett Carter, of Washington, D. C., for defendant.

MORRIS, District Judge. By rewinding the worn equalizing bar, the wearing part of its patented machine for coating carbon and other papers, Write, Inc., the defendant, asserts that it merely exercised a well-established legal right to repair; but the plaintiff, C. & R. Research Corporation, contends that thereby the defendant reconstructed the bar, and consequently infringed claims 19 to 23, inclusive, of patent No. 1,043,021, owned by the plaintiff. The equalizing bar is that part of the machine which lays smoothly the coating material upon the paper. It consists of a circular metal rod, 2 or 3 feet long and a quarter of an inch or so in diameter, having a fine wire wrapped helically around it from one end to the other. New, the machine costs about $2,800, and the bar, at most, not over $5 or $6.

Some of the claims of the patent are directed to the machine, of which the bar is an element, as a whole. Others cover the bar only. Thus claim 19 calls for "a paper coating machine, comprising a coating roll, and an equalizing bar co-operative therewith, composed of a circular rod having a finely threaded periphery," while claim 23 reads: "In a paper-coating machine, an equalizing bar of small diameter, there being a fine capillary fissure extending helically around said bar from one end thereof to the other, said fissure being made by wrapping said bar helically with fine wire from one end to the other." The joinder of such claims is legally permissible. National M. Casting Co. v. American Steel Foundries (C. C.) 182 F. 636, 639. No substantial question is here raised as to their validity.

[1-3] Where a machine is patented as a whole, one who acquires, as by purchase, the right to use, but not the right to construct it, may, so long as the identity of the machine is not destroyed, make repairs or replace the worn-out parts, particularly the quickly-wearing parts, without which, notwithstanding the substantial character of the machine as a whole, it would be useless to the purchaser for more than a very limited time. Wilson v. Simpson, 9 How. 109, 13 L. Ed. 66; Chaffee

v. Boston Belting Co., 22 How. 217, 16 L. Ed. 240; F. F. Slocomb & Co. v. A. C. Layman Mach. Co. (D. C.) 227 F. 94, affirmed (C. C. A. 3) on opinion of Judge Bradford, 230 F. 1021. This rule does not, however, authorize, under the pretext of repairs, a reconstruction or rebuilding of the machine. Substantial reconstruction is sufficient to make the act one of rebuilding, instead of repair or replacement. Goodyear Shoe Machinery Co. v. Jackson, 112 F. 146 (C. C. A. 1), 55 L. R. A. 692. Likewise the substitution of the vital and distinctively new part of the combination, if the whole invention resides substantially in such part, is a reconstruction of the machine. Thomson-Houston Electric Co. v. Kelsey Electric Railway Specialty Co. (C. C. A.) 75 F. 1005; Davis Electrical Works v. Edison Electric Light Co., 60 F. 276 (C. C. A. 1); Wagner Typewriter Co. v. F. S. Webster Co. (C. C.) 144 F. 405; Wallace v. Holmes, Fed. Cas. No. 17100.

[4] Again, the purchaser may not reconstruct a separately patented part or element of the machine without the consent of the owner of the patent for such part, for such reconstruction would constitute a making of the thing covered by the separate patent, notwithstanding it might properly be considered a repair, when viewed from the standpoint of the machine as a whole. Aiken v. Manchester Print Works, Fed. Cas. No. 113; Gottfried v. Conrad Seipp Brewing Co. (C. C.) 8 F. 322; Shickle, Harrison & Howard I. Co. v. St. Louis Car-Coupler Co., 77 F. 739, 740 (C. C. A. 8); National Malleable Casting Co. v. American Steel Foundries (C. C.) 182 F. 626; Morgan Envelope Co. v. Albany, 152 U. S. 425, 14 S. Ct. 627, 38 L. Ed. 500.

Tested by these principles, the rewinding of the equalizer bar, the wire upon which has been worn out, constitutes, I think, a reconstruction, and not a repair, of the patented bar. Uncombined, viewed from the standpoint of the patent in suit, the bar is nothing, and the wire is nothing. The invention, and the whole of it, of the equalizer bar claims, resides in combining the two as set out in the specification. Rewinding, as I view it, is as full and complete a making of the equalizer bar as is the original winding.

The defendant takes the position that the cases prohibiting the reconstruction of a separately patented element are not pertinent to the issue of infringement of claim 19, covering, not the bar alone, but the machine, in that the bar is not protected by a patent separate and apart from that covering the machine, but only by separate claims in the machine patent. Since each claim is considered in law an independent patent, the essence of this objection lies, as I see it, not so much in the fact that the bar is covered by separate claims in the machine patent, as in the fact that the owner of the patent monopoly to the bar is, and at all times has been, the owner of the patent monopoly to the machine, and that by a sale of the machine he conferred upon the purchaser an implied right to repair the machine, which overrides his patent monopoly for the bar.

[5] This contention presupposes, I think, that, even though the rewinding constitutes a reconstruction, not a repair, of the bar, it nevertheless is but a repair, and not a reconstruction, of the machine. This underlying contention I believe to be sound, for the specification makes clear that the novelty of the machine as a whole is not to be found entirely in the bar. Nevertheless, in order to sustain the main contention of the defendant, it is essential that there be found in the mere sale of the machine by the patentee an implied license, running to the purchaser and subsequent owners of the machine, to make the separately patented parts to repair the machine as a whole. I think such license cannot be inferred from a mere sale.

The foregoing conclusion is arrived at upon the assumption that the title to the equalizer bars rewound by the defendant was in the defendant. But the evidence discloses that the machine and bars were acquired by the defendant at a public sale of the assets of a bankrupt. The evidence likewise is that the machine was purchased by the bankrupt outright from a licensee of the owner of the patent, but the equalizer bars were obtained by the bankrupt under a special agreement specifying that the title to the bars should remain in the seller of the machine, and that the bars should be returned to him for rewinding at a specified cost. The defendant acquired, as I view it, no greater title to the bars and machine than the bankrupt had. Consequently the defendant was without the right of ownership of the bars, upon which is based the doctrine of the right to repair.

[6] I am of the opinion that claims 20 and 22, which seem to be directed to a bar constructed otherwise than by winding a wire helically about a rod, and claim 19, have not been infringed, but that claims 21 and 23 have been infringed by the defendant.